<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 12-7317**

———————————

CARLOS WOODS,

        Petitioner - Appellant,

    v.

ATTORNEY GENERAL OF THE STATE OF MARYLAND,

        Respondent - Appellee.

———————————

Appeal from the United States District Court for the District of Maryland, at Baltimore.  William D. Quarles, Jr., District Judge.  (1:12-cv-01260-WDQ)

———————————

Submitted:  January 24, 2013      Decided:  March 7, 2013

———————————

Before KING, DUNCAN, and DIAZ, Circuit Judges.

———————————

Dismissed by unpublished per curiam opinion.

———————————

Carlos Woods, Appellant Pro Se.  Edward John Kelley, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Baltimore, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Woods seeks to appeal the district court's August 1, 2012 order denying without prejudice his self-styled "Motion for [T]ranscript of Post Conviction [H]earing" and denying his self-styled "Motion Requesting Judge Change." Woods filed his notice of appeal prior to the entry on December 3, 2012, of final judgment in the district court.

We may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2006), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2006); Fed. R. Civ. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47 (1949). When a notice of appeal is premature, the jurisdictional defect can be cured if the district court enters a final judgment prior to our consideration of the appeal under the doctrine of cumulative finality. Equip. Fin. Grp., Inc. v. Traverse Computer Brokers, 973 F.2d 345, 347-48 (4th Cir. 1992). Not all premature notices of appeal, however, are subject to the cumulative finality rule. Instead, this doctrine applies only if the appellant appeals from an order the district court could have certified for immediate appeal under Fed. R. Civ. P. 54(b). In re Bryson, 406 F.3d 284, 287-89 (4th Cir. 2005). Appeals from "clearly interlocutory decision[s]" cannot be saved under cumulative finality. Id. at 288 (internal quotation marks omitted).

The August 1 order is not a final order of the district court and is not appealable under the collateral order exception to the final judgment rule. The order also is not one of the orders subject to appeal under 28 U.S.C. § 1292. Further, because the district court could not have certified the order for immediate appeal under Fed. R. Civ. P. 54(b), the cumulative finality rule cannot apply. Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED